UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

"IN ADMIRALTY"

CASE NO.:

CRAIG BELL and
DENNIS STANTON,

    Plaintiffs,
vs.

BEYEL BROTHERS, INC.,
MICHAEL EVERETT and
BERT AMMONS,

    Defendants.
_____/

# COMPLAINT

Plaintiffs, CRAIG BELL (hereinafter, "BELL") and DENNIS STANTON (hereinafter, "STANTON"), hereby bring this civil action pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, and sue Defendants, BEYEL BROTHERS, INC. (hereinafter, "BEYEL BROS."), MICHAEL EVERETT (hereinafter, "EVERETT") and BERT AMMONS (hereinafter, "AMMONS") and allege:

## NATURE OF CLAIM

1. This is a maritime personal injury and property damages case arising from a March 9, 2016 causality wherein a private vessel under tow was capsized by the wash produced by a commercial tugboat.

## THE PARTIES

2. Plaintiff, BELL is the owner of a 16' Twin Vee private vessel and who was injured and sustained property loss and damage as a result of the subject marine casualty.

3. Plaintiff, STANTON is a friend of BELL and was a passenger aboard BELL's vessel. STANTON was also injured and suffered property damage as a result of the subject marine casualty.

4. Defendant, BEYEL BROS. is a Florida profit corporation which offers inland and ocean towing, loading and unloading of ships, sales, and service of barges, tugs, cranes, and a deep water marine port servicing the US eastern seaboard, The Bahamas, Central America, the Caribbean Islands, and the Gulf of Mexico. BEYEL BROS.'s principal place of business located in Cocoa, Florida. BEYEL BROS. owes, charterers and/or operated the 18' aluminum Jon Boat as well as the tugboat *Brittany Beyel* which were involved in the subject marine causality.

5. Defendant, EVERETT is a Florida citizen residing in Fort Pierce, Florida. At the time of the subject incident EVERETT was employed by BEYEL BROS and operated the Jon Boat involved in the subject marine casualty.

6. Defendant, AMMONS is a Florida citizen residing in Sebastian, Florida. At the time of the subject incident EVERETT was employed by BEYEL BROS. and captained the *Brittany Beyel* involved in the subject marine casualty.

## FACTS COMMON TO ALL CLAIMS

7. On March 9, 2016, BELL and his friend STANTON were fishing aboard BELL's 16' Twin Vee vessel in the Indian River in St. Lucie County, Florida when the vessel's outboard gas engine failed. The two men attempted to navigate to the nearby Black Pearl Boat Ramp using the boat's electric trolling motor. The significant tide and wind overpowered the trolling motor's thrust and their boat started drifting to the rocky area off Fisherman's Warf Marina.

8. A BEYEL BROS. employee, EVERETT, boarded an 18' aluminum Jon Boat owned, leased and/or operated by BEYEL BROS. and maneuvered to BELL's boat. EVERETT tied

BELL's vessel to the Jon Boat and undertook and assumed the duty of towing the 16' Twin Vee and two men towards a nearby boat ramp.

9. While BELL's vessel was being towed, the tugboat *Brittany Beyel* was being operated by BEYEL BROS.' employee AMMONS. While the *Brittany Beyel* was operating in the area the wash produced by the tug capsized BELL's vessel ejecting both STANTON and BELL into the water.

10. From this causality, both BELL and STANTON suffered personal injuries requiring medical attention and lost personal property. BELL's vessel was also damaged from the casualty.

## JURISDICTION

11. This Court has admiralty subject matter jurisdiction pursuant to 28 U.S.C. 1333 and Article III, Section 2 of the United States Constitution as:

   a. The subject incident, negligent acts, injuries and damages alleged herein occurred upon the navigable waters of the United States, specifically in the Indian River, as the waterway connects with the Atlantic Ocean as it is capable of supporting maritime commerce;

   b. The subject incident which included a vessel overturning and causing personal injuries to Plaintiffs had the potential to disrupt maritime commerce; and,

   c. Operating vessels including a tug and a vessel being used to tow another are traditional maritime activities.

12. This Court possesses personal jurisdiction over all Defendants under Fla. Stat. 48.193(1)(a) as the tortious acts which are alleged to be the legal cause of the damages in this civil action were committed within Florida.

13. Venue is proper in this District under:

    a. 28 U.S.C. 1391 (b)(1) as all Defendants reside in Florida and Defendant EVERETT resides in this District; and,

    b. 28 U.S.C. 1391 (b)(2) substantial part of the events or omissions giving rise to the claim occurred within this District.

## COUNT I
## (BELL'S NEGLIGENCE PER SE CLAIM AGAINST BEYEL BROS.)

14. BELL alleges all allegations contained in paragraphs 1 – 13 above as if fully alleged herein and further alleges:

15. BEYEL BROS., through its employees Everett and/or Ammons, violated the following Inland Rules of Navigation:

    a. Rule 5  By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

    b. Rule 7  By failing to determine if a risk of collision existed;

    c. Rule 8  By failing to take appropriate action to avoid collision;

    d. Rule 9  By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

    e. Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

16. The above alleged Inland Rules of Navigation are safety rules intended to avoid collisions.

17. BELL, as a boater, was a member of the class for which the Inland Rules of Navigation were intended to protect.

18. As a result of being ejected and the boat upon which he was a passenger capsized, BELL sustained personal injuries to his ribs and low back which are continuing. BELL sought medical care for these injuries.

19. In addition to physical pain, BELL began having anxiety over the incident along with night terrors. Often times he would wake with panic attacks.

20. In addition to physical and psychological injuries, BELL lost property in the form of fishing tackle and mobile phones valued at $1,600 and a $2,600 diminution of value of his boat.

21. As a direct and proximate result of BEYEL BROS.'s violation of all or some of the above Inland Navigation Rules, BELL suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, BELL hereby demands damages against BEYEL BROS. for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost of property, costs for the repair of his vessel, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT II
## (BELL'S NEGLIGENCE CLAIM AGAINST BEYEL BROS.)

22. BELL alleges all allegations contained in paragraphs 1 – 13 and 18 – 21 above as if fully alleged herein and further alleges:

23. BEYEL BROS. owed BELL the duty to exercise reasonable care under the circumstances.

24. BEYEL BROS., through its employees Everett and/or Ammons, breached its duty of care owed to BELL by violating the following Inland Rules of Navigation:

   a. Rule 5 By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

   b. Rule 7 By failing to determine if a risk of collision existed;

   c. Rule 8 By failing to take appropriate action to avoid collision;

    d.    Rule 9 By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

    e.    Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

25. As a direct and proximate result of BEYEL BROS.'s violation of all or some of the above Inland Navigation Rules, BELL suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

    WHEREFORE, BELL hereby demands damages against BEYEL BROS. for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, costs for the repair of his vessel, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT III
## (BELL'S NEGLIGENCE PER SE CLAIM AGAINST EVERETT)

26. BELL alleges all allegations contained in paragraphs 1 – 13 above as if fully alleged herein and further alleges:

27. EVERETT, violated the following Inland Rules of Navigation:

    a.    Rule 5 By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

    b.    Rule 7 By failing to determine if a risk of collision existed;

    c.    Rule 8 By failing to take appropriate action to avoid collision;

    d.    Rule 9 By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

   e. Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

28. The above alleged Inland Rules of Navigation are safety rules intended to avoid collisions.

29. BELL, as a boater, was a member of the class for which the Inland Rules of Navigation were intended to protect.

30. As a result of being ejected and the boat upon which he was a passenger capsized, BELL sustained personal injuries to his ribs and low back which are continuing. BELL sought medical care for these injuries.

31. In addition to physical pain, BELL began having anxiety over the incident along with night terrors. Often times he would wake with panic attacks.

32. In addition to physical and psychological injuries, BELL lost property in the form of fishing tackle and mobile phones valued at $1,600 and a $2,600 diminution of value of his boat.

33. As a direct and proximate result of BEYEL BROS.'s violation of all or some of the above Inland Navigation Rules, BELL suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

  WHEREFORE, BELL hereby demands damages against EVERETT for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, costs for the repair of his vessel, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT IV
## (BELL'S NEGLIGENCE CLAIM AGAINST EVERETT)

34. BELL alleges all allegations contained in paragraphs 1 – 13 and 27 – 33 above as if fully alleged herein and further alleges:

35. EVERETT as the operator of the Jon Boat towing BELL's vessel owed BELL the duty to exercise reasonable care under the circumstances.

36. EVERETT breached its duty of care owed to BELL by violating the following Inland Rules of Navigation:

    a.    Rule 5 By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

    b.    Rule 7 By failing to determine if a risk of collision existed;

    c.    Rule 8 By failing to take appropriate action to avoid collision;

    d.    Rule 9 By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

    e.    Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

37. As a direct and proximate result of EVERETT's beach of his duty of care, BELL suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, BELL hereby demands damages against EVEREST for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, cost for the repair of his vessel pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT V
## (BELL'S NEGLIGENCE PER SE CLAIM AGAINST AMMONS)

38. BELL alleges all allegations contained in paragraphs 1 – 13 above as if fully alleged herein and further alleges:

39. EVERETT, violated the following Inland Rules of Navigation:

      a. Rule 5 By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

      b. Rule 7 By failing to determine if a risk of collision existed;

      c. Rule 8 By failing to take appropriate action to avoid collision;

      d. Rule 9 By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

      e. Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

40. The above alleged Inland Rules of Navigation are safety rules intended to avoid collisions.

41. BELL, as a boater, was a member of the class for which the Inland Rules of Navigation were intended to protect.

42. As a result of being ejected and the boat upon which he was a passenger capsized, BELL sustained personal injuries to his ribs and low back which are continuing. BELL sought medical care for these injuries.

43. In addition to physical pain, BELL began having anxiety over the incident along with night terrors. Often times he would wake with panic attacks.

44. In addition to physical and psychological injuries, BELL lost property in the form of fishing tackle and mobile phones valued at $1,600 and a $2,600 diminution of value of his boat.

45. As a direct and proximate result of BEYEL BROS.'s violation of all or some of the above Inland Navigation Rules, BELL suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, BELL hereby demands damages against EVERETT for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, cost for the repair of his vessel, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT VI
### (BELL'S NEGLIGENCE CLAIM AGAINST AMMONS)

46. BELL alleges all allegations contained in paragraphs 1 – 13 and 42 – 45 above as if fully alleged herein and further alleges:

47. As an operator of a tug boat on navigable waters, AMMONS owed BELL the duty to exercise reasonable care under the circumstances.

48. AMMONS, breached his duty of care owed to BELL by violating the following Inland Rules of Navigation:

   a. Rule 5 By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

   b. Rule 7 By failing to determine if a risk of collision existed;

   c. Rule 8 By failing to take appropriate action to avoid collision;

   d. Rule 9 By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

   e. Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

49. As a direct and proximate result of AMMONS' beach of his duty of care, BELL suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, BELL hereby demands damages against BEYEL BROS. for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, costs for the repair of his vessel pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT VII
## (STANTON'S NEGLIGENCE PER SE CLAIM AGAINST BEYEL BROS.)

50. STANTON alleges all allegations contained in paragraphs 1 – 13 above as if fully alleged herein and further alleges:

51. BEYEL BROS.'s, through its employees Everett and/or Ammons, violated the following Inland Rules of Navigation:

   a. Rule 5  By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

   b. Rule 7  By failing to determine if a risk of collision existed;

   c. Rule 8  By failing to take appropriate action to avoid collision;

   d. Rule 9  By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

   e. Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

52. The above alleged Inland Rules of Navigation are safety rules intended to avoid collisions.

53. STANTON, as a passenger on a boat, was a member of the class for which the Inland Rules of Navigation were intended to protect.

54. As a result of being ejected and the boat upon which he was a passenger capsized, STANTON sustained personal injuries to his neck, chest, back and abdomen pain along

intermittent groin pain radiating down his right leg. STANTON sought medical care for these injuries.

55. In addition to physical pain, STANTON began having anxiety over the incident along with night terrors. Often times he would wake with panic attacks. The psychological issues were so significant that he was diagnosed with Post Traumatic Stress Disorder and he was required to seek care from psychologist counseling.

56. In addition to physical and psychological injuries, STATION lost property in the form of fishing tackle.

57. As a direct and proximate result of BEYEL BROS.'s violation of all or some of the above Inland Navigation Rules, STANTON suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, STANTON hereby demands damages against BEYEL BROS. for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT VIII
### (STANTON'S NEGLIGENCE CLAIM AGAINST BEYEL BROS.)

58. STANTON alleges all allegations contained in paragraphs 1 – 13 and 54 – 57 above as if fully alleged herein and further alleges:

59. BEYEL BROS. owed STANTON the duty to exercise reasonable care under the circumstances.

60. BEYEL BROS., through its employees Everett and/or Ammons, breached its duty of care owed to STANTON by violating the following Inland Rules of Navigation:

    a.    Rule 5 By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

    b.    Rule 7 By failing to determine if a risk of collision existed;

    c.    Rule 8 By failing to take appropriate action to avoid collision;

    d.    Rule 9 By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

    e.    Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

61. As a direct and proximate result of BEYEL BROS.'s violation of all or some of the above Inland Navigation Rules, STANTON suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, STANTON hereby demands damages against BEYEL BROS. for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT IX
### (STANTON'S NEGLIGENCE PER SE CLAIM AGAINST EVERETT)

62. STANTON alleges all allegations contained in paragraphs 1 – 13 above as if fully alleged herein and further alleges:

63. EVERETT while operating the Jon Boat violated the following Inland Rules of Navigation:

    a.    Rule 5 By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

    b.    Rule 7 By failing to determine if a risk of collision existed;

    c.  Rule 8 By failing to take appropriate action to avoid collision;

    d.  Rule 9 By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

    e.  Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

64. The above alleged Inland Rules of Navigation are safety rules intended to avoid collisions.

65. STANTON, as a passenger on a boat, was a member of the class for which the Inland Rules of Navigation were intended to protect.

66. As a result of being ejected and the boat upon which he was a passenger capsized, STANTON sustained personal injuries to his neck, chest, back and abdomen pain along intermittent groin pain radiating down his right leg. STANTON sought medical care for these injuries.

67. In addition to physical pain, STANTON began having anxiety over the incident along with night terrors. Often times he would wake with panic attacks. The psychological issues were so significant that he was diagnosed with Post Traumatic Stress Disorder and he was required to seek care from psychologist counseling.

68. In addition to physical and psychological injuries, STATION lost property in the form of fishing tackle.

69. As a direct and proximate result of EVERETT's violation of all or some of the above Inland Navigation Rules, STANTON suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, STANTON hereby demands damages against EVERETT for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

**COUNT X**
**(STANTON'S NEGLIGENCE CLAIM AGAINST EVERETT)**

70. STANTON alleges all allegations contained in paragraphs 1 – 13 and 66 – 69 above as if fully alleged herein and further alleges:

71. EVERETT, as the operator of the Jon Boat, owed STANTON the duty to exercise reasonable care under the circumstances.

72. EVERETT breached its duty of care owed to STANTON by violating the following Inland Rules of Navigation:

   a. Rule 5 By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

   b. Rule 7 By failing to determine if a risk of collision existed;

   c. Rule 8 By failing to take appropriate action to avoid collision;

   d. Rule 9 By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

   e. Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

73. As a direct and proximate result of EVERETT's breach of his duty, STANTON suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, STANTON hereby demands damages against EVERETT for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT XI
## (STANTON'S NEGLIGENCE PER SE CLAIM AGAINST AMMONS)

74. STANTON alleges all allegations contained in paragraphs 1 – 13 above as if fully alleged herein and further alleges:

75. AMMONS while operating the tug boat violated the following Inland Rules of Navigation:

   a. Rule 5  By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

   b. Rule 7  By failing to determine if a risk of collision existed;

   c. Rule 8  By failing to take appropriate action to avoid collision;

   d. Rule 9  By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

   e. Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

76. The above alleged Inland Rules of Navigation are safety rules intended to avoid collisions.

77. STANTON, as a passenger on a boat, was a member of the class for which the Inland Rules of Navigation were intended to protect.

78. As a result of being ejected and the boat upon which he was a passenger capsized, STANTON sustained personal injuries to his neck, chest, back and abdomen pain along

intermittent groin pain radiating down his right leg. STANTON sought medical care for these injuries.

79. In addition to physical pain, STANTON began having anxiety over the incident along with night terrors. Often times he would wake with panic attacks. The psychological issues were so significant that he was diagnosed with Post Traumatic Stress Disorder and he was required to seek care from psychologist counseling.

80. In addition to physical and psychological injuries, STATION lost property in the form of fishing tackle.

81. As a direct and proximate result of AMMONS' violation of all or some of the above Inland Navigation Rules, STANTON suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, STANTON hereby demands damages against AMMONS for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

## COUNT XII
### (STANTON'S NEGLIGENCE CLAIM AGAINST AMMONS)

82. STANTON alleges all allegations contained in paragraphs 1 – 13 and 78 – 81 above as if fully alleged herein and further alleges:

83. AMMONS, as the operator of the tug boat, owed STANTON the duty to exercise reasonable care under the circumstances.

84. AMMONS breached its duty of care owed to STANTON by violating the following Inland Rules of Navigation:

17

    a.    Rule 5 By failing to maintain a proper look-out so as to make a full appraisal of the situation and of the risk of collision;

    b.    Rule 7 By failing to determine if a risk of collision existed;

    c.    Rule 8 By failing to take appropriate action to avoid collision;

    d.    Rule 9 By failing to keep as near to the outer limit of the channel which lies to the vessel's starboard side; and,

    e.    Rule 34 By failing to sound the proper whistle signals when the tug boat and John Boat under the prevailing circumstances.

85. As a direct and proximate result of AMMONS' breach of his duty, STANTON suffered damages in the form of physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life and lost property. Some of these damages are continuing in nature.

WHEREFORE, STANTON hereby demands damages against AMMONS for his past and present physical and psychological pain and suffering, medical expenses, loss of the ability to enjoy life, lost property, pre and post judgment interest form the time of the incident until judgment is paid and all taxable costs available under law.

Dated: October 25, 2016.

**BRAIS BRAIS RUSAK**
Attorneys for Plaintiffs
Dadeland Office Park
9300 S. Dadeland Blvd., Ste. 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile:  (305) 416-2902

By: _s./  *Richard D. Rusak*_
       KEITH S. BRAIS
       Fla Bar No.: 0863319
       RICHARD D. RUSAK
       Fla. Bar No.: 0614181